UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: JESSICA LYN HUEBBE ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| --------------------------- ) | Bankruptcy No. 05-01067 |
| SHERYL L. SCHNITTJER, in her ) | |
| sole capacity as Trustee, ) | |
| ) | Adversary No. 05-09140 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALLIED PROPERTY & CASUALTY ) | |
| INSURANCE COMPANY; JESSICA ) | |
| LYN HUEBBE; CARL KRESS; and ) | |
| PAULETTE KRESS, ) | |
| ) | |
| Defendants. ) | |

**ORDER RE: COMPLAINT TO RECOVER PROPERTY OF THE ESTATE**

This matter came before the undersigned on September 7, 2006. Eric W. Lam appeared on behalf of Plaintiff/Trustee. Darin S. Harmon appeared on behalf of Allied Property & Casualty Insurance Company ("Allied"). After the presentation of evidence and argument, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

**STATEMENT OF THE CASE**

This is an adversary action filed by Sheryl Schnittjer, trustee for the estate of Debtor, Jessica Lynn Huebbe. Trustee is suing Allied to recover $1,412.20, the amount paid by Allied directly to Debtor in an insurance settlement agreement reached after Debtor had filed for Chapter 7 bankruptcy. This Court has since voided the settlement agreement, as it violated the automatic stay imposed in Debtor's Chapter 7 proceeding. Trustee alleges Allied's violation of the automatic stay was willful and seeks to recover damages and attorneys' fees.

Allied counters that it did not willfully violate the automatic stay as it never received adequate notice of Debtor's bankruptcy proceedings. Thus, Allied asserts it is entitled to a credit of $1,412.20 toward whatever its ultimate obligation to

the estate may be and is not responsible for the estate's attorney fees.

**FINDINGS OF FACT**

The Court heard the case upon a partial stipulation of the following agreed facts.  In November 2004, before Debtor filed her Chapter 7 petition, she was involved in a car accident wherein she sustained injury to her car and person.  She asserted a personal injury claim against defendants Cary and Paulette Kress.  The Kresses are insured by defendant Allied Insurance.  Allied provided coverage for the claim and its agent, Tim Steffen, administered the personal injury claim.

In late 2004 and early 2005, before Debtor filed her Chapter 7 petition, Allied paid medical bills totaling $1,194.25 directly to Debtor's medical providers.  Similarly, Allied paid $3,000 for vehicle damage directly to Debtor in the same pre-petition time period.

Debtor filed her Chapter 7 petition on March 17, 2005.  Debtor made no mention of Allied or the Kresses in her Chapter 7 petition and schedules.  Thus, no Notice of Bankruptcy was sent to Allied or the Kresses.  At the § 341 meeting on May 23, 2005, Debtor told Trustee that she was involved in a car accident and possessed a personal injury claim.  Trustee commenced an investigation into the existence and location of property of the estate not subject to exemptions or security interests.  As a result of that investigation, on August 26, 2005, Trustee issued a letter to Allied informing it of Debtor's bankruptcy proceedings.

On July 26, 2005, about one month prior to Trustee's letter, Debtor informed Allied that she was involved in bankruptcy proceedings.  She told Allied's claims adjuster, Tim Steffen, that she was currently going through bankruptcy proceedings and needed to know the amount of her personal injury settlement.  Steffen replied that he had not yet received certain medical records pertaining to Debtor's injuries, and therefore was not in the position to make her an offer.  This exchange between Debtor and Allied is documented in a "claims log" maintained by Steffen.

Despite having acquired knowledge of the bankruptcy, Allied proceeded to enter into a postpetition settlement agreement with Debtor.  On July 29, 2005, Steffen discussed a settlement amount with Debtor over the phone.  On August 1, 2005, Steffen met with Debtor to provide her with a settlement check and obtain her signature on a claim release document.  At this meeting, Allied

2

paid Debtor a total of $1,412.20 as a purported settlement of her claims for personal injury and lost wages.

Trustee filed a complaint seeking to declare the settlement void and claiming damages against Debtor and Allied on September 27, 2005.  On December 9, 2005, this Court voided the settlement agreement between Debtor and Allied.  Subsequently, on Trustee's Stipulated Partial Dismissal motion, Debtor was dismissed from this adversary.

### CONCLUSIONS OF LAW

Under the Bankruptcy Code, all of a debtor's legal and equitable interests are transferred to the bankruptcy estate at the time the bankruptcy petition is filed.  11 U.S.C. § 541(a)(1).  "Bankruptcy estate property" is broadly defined and includes "all causes of action that the debtor could have brought at the time of the bankruptcy petition."  United States ex. rel. Gebert v. Transport Admin. Serv., 260 F.3d 909, 914 (8th Cir. 2001).  Regardless of whether a debtor discloses its existence, a pre-petition cause of action is property of the Chapter 7 estate.  See id. at 913.

Generally, bankruptcy estate property held by any entity must be transferred to the trustee of the estate, rather than to the debtor.  11 U.S.C. § 542(a).  An exception to this general rule is found at § 542(c) which states:

> [A]n entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor may transfer property of the estate, or pay a debt owing to the debtor, in good faith ... to an entity other than the trustee, with the same effect as to the entity making such transfer or payment as if the case under this title concerning the debtor had not been commenced.  (Emphasis added.)

Importantly, the exception only applies to entities which lack actual notice or knowledge of the bankruptcy proceedings.  Id.  When a third party has knowledge of a pending bankruptcy, it is under a duty and obligation not to transfer the debtor's property to someone other than the trustee.  Knaus v. Concordia Lumber Co., Inc., 889 F.2d 773, 775 (8th Cir. 1989) (upon discovering existence of bankruptcy proceedings, third party becomes obligated to return property to trustee).

Under the rule of agency, "knowledge and actions of the agent are imputed to the principal because it is presumed that

3

the agent will perform its duty and communicate to [the] principal the facts that the agent acquires while acting within the scope of the agency relationship." In re Kramer, No. 04-02900, 2005 WL 579721, at *3 (Bankr. N.D. Iowa Feb. 23, 2005) (citations omitted); see also New York Life Ins. Co. v. Chapman, 132 F.2d 688, 693 (8th Cir. 1943) ("Notice to an agent of facts connected with the business which the agent is employed to do is notice to [the] principal."). Thus in the bankruptcy context, when an agent acquires actual knowledge of a Chapter 7 proceeding, this knowledge is imputed to the principal. Accordingly, the principal is then under an obligation to transfer the debtor's assets to the trustee, rather than any other party, including the debtor. 11 U.S.C. § 542(a).

Postpetition transfers of bankruptcy estate property to any entity other than the trustee may violate the automatic stay issued with the filing of a Chapter 7 petition. Under the Bankruptcy Code, a Chapter 7 petition operates as a stay "without the necessity for judicial intervention;" it "springs into being immediately upon the filing of a bankruptcy petition." In re Vierkant, 240 B.R. 317, 321 (B.A.P. 8th Cir. 1999) (citing Soares v. Brockton Credit Union, 107 F.3d 969, 975 (1st Cir. 1997)). The scope of the automatic stay is extremely broad. Knaus, 889 F.2d at 774. It applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

The Bankruptcy Code provides for sanctions, in appropriate circumstances, against parties who violate the automatic stay. It provides that:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. 362(h)(2004) (emphasis added). A violation of the automatic stay is willful if the violator's conduct is deliberate and done with knowledge of the bankruptcy filing. In re Hromidko, 302 B.R. 629, 632 (Bankr. N.D. Iowa 2003). The "willfulness" requirement does not require a specific intent to violate the automatic stay; a violation "may be willful even if an entity believes the stay is not applicable to its conduct." In re Dencklau, 158 B.R. 796, 799 (Bankr. N.D. Iowa 1993) (citations omitted). However, the court may award punitive damages under § 362(h) only where the action taken is "egregious

4

intentional misconduct on the violator's part." In re Ketelson, 880 F.2d 990, 993 (8th Cir. 1989). In an action for violation of the automatic stay, the moving party bears the burden of proving its case by a preponderance of the evidence. Kramer, 2005 WL 579721, at *3 (citing In re Westman, 300 B.R. 338 (Bankr. D. Minn. 2003)).

**DISCUSSION**

Debtor's claim for personal injury damages arising from a pre-petition car accident is property of the estate. The claim was a cause of action "that the debtor could have brought at the time of the bankruptcy proceeding." Gebert, 260 F.3d at 914. The cause of action was bankruptcy property even though Debtor failed to disclose its existence in her Chapter 7 petition and schedules. Id. Under § 542(a), Trustee had the right to settle Debtor's claim and collect proceeds from the settlement.

Allied asserts that it had neither "actual notice nor actual knowledge of the commencement of the case," and invokes the protections afforded to good faith transfers under § 542(c). Contrary to Allied's contentions, this Court finds that Allied did have actual knowledge of Debtor's bankruptcy proceedings prior to entering into the settlement agreement with her. Tim Steffen, the Allied claims processor assigned to Debtor's claim, testified in his deposition and at trial that prior to entering into the settlement agreement, he was aware of Debtor's bankruptcy proceeding. His testimony is confirmed by his own claims log, wherein he documented his knowledge of Debtor's bankruptcy on July 26, 2005 – six days prior to entering into the August 1, 2005 settlement agreement. Under the agency laws of the state of Iowa, Steffen's knowledge is imputed to Allied because "it is presumed that the agent will perform its duty and communicate to [the] principal the facts that the agent acquires while acting within the scope of the agency relationship." Kramer, 2005 WL 579721, at *3. Accordingly, Allied is not entitled to the good faith transfer protections included in § 542(c).

Having acquired knowledge of the Chapter 7 proceedings, Allied had a duty and obligation not to transfer bankruptcy estate property to anyone but the trustee. Knaus, 889 F.2d at 775. Instead Allied took action to "obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" within the meaning of § 362(a)(3) of the Bankruptcy Code. Allied took purposeful action to settle Debtor's claim, while at the same time having

5

actual knowledge of her bankruptcy proceedings. Such action constitutes a "willful" violation of the automatic stay.

Due to Allied's willful violation, Trustee is entitled to recover damages and reasonable attorneys' fees under the provisions of § 362(h). In the calculation of reasonable attorneys' fees, the Court will compensate Trustee's counsel for time relating to deposing Mr. Steffen, preparing motions required to ascertain the extent of Allied's knowledge of the Debtor's bankruptcy proceedings, preparing briefs for trial and trial proceedings.

At this time, the Court finds no grounds for awarding punitive damages.

**WHEREFORE**, Plaintiff's Complaint to recover property of the estate is GRANTED.

**FURTHER**, the Court finds Plaintiff has established that Allied willfully violated the automatic stay, § 362(a)(3), and is therefore subject to sanctions pursuant to § 362(h).

**FURTHER**, the Plaintiff is awarded $1,412.20 in damages.

**FURTHER,** the Plaintiff is also awarded attorneys' fees in the amount of $950.00

**FURTHER,** said judgment shall collect interest at the rate of 10% per annum from the date of entry of this judgment.

**FURTHER,** any court costs associated with Plaintiff's pursuit of these sanctions are assessed against Allied.

**FURTHER,** judgment shall enter accordingly.

DATED AND ENTERED: September 22, 2006

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

6